UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

                Plaintiff,

-against-

ANN MARIE DONNELLY; "BO" JOHNSON,
MELISSA SALCEDO; DOES 1-10,

                Defendants.

1:20-CV-10750 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff Aasir Azzarmi, of Inglewood, California, appears *pro se* and invokes the Court's federal-question and diversity jurisdiction. He asserts claims under the Federal Tort Claims Act (FTCA), 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Religious Freedom Restoration Act (RFRA), as well as claims under state law. He sues: (1) District Judge Ann Marie Donnelly of the United States District Court for the Eastern District of New York, (2) Deputy United States Marshal "Bo" Johnson, (3) Deputy United States Marshal Melissa Salcedo, and (4) "Does 1-10." For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

    Claims under § 1983, *Bivens*, and RFRA, as well as state-law claims brought under the Court's diversity jurisdiction, may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purposes of § 1391(b), a "natural person" resides in the district where the person is domiciled. § 1391(c)(1). Claims under the FTCA must be brought, however, "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

Plaintiff, a citizen of Inglewood, Los Angeles County, California, resides in the Central District of California. *See* 28 U.S.C. § 84(c)(2). He alleges that Judge Donnelly and, perhaps, Deputy Marshal Johnson reside in Brooklyn, Kings County, New York, which is within the Eastern District of New York. *See* 28 U.S.C. § 112(c). He alleges that Deputy Marshal Salcedo resides in an unspecified location within this judicial district. And he asserts that events that are basis for his claims occurred both within this judicial district, in Manhattan, New York County, New York, *see* § 112(b), and in Brooklyn, Kings County, in the Eastern District of New York, *see* § 112(c).

Plaintiff's claims against Judge Donnelly arise from her rulings in Plaintiff's civil actions in the United States District Court for the Eastern District of New York, one of which barred Plaintiff from entering that court's courthouse. Plaintiff's claims against Deputy Marshal Salcedo arise from Salcedo's investigation of Plaintiff, in which she allegedly found no evidence that Plaintiff was a threat. And his claims against Deputy Marshal Johnson arise from Johnson's informing Plaintiff that he was barred from entering the Eastern District of New York's courthouse.[1] Accordingly, under § 1391(b)(1) and (2), this Court and the Eastern District of New York are proper venues for Plaintiff's § 1983, *Bivens*, RFRA, and state-law claims. And the Central District of California and the Eastern District of New York are proper venues for his FTCA claims.

---

[1] Plaintiff alleges nothing about "Does 1-10."

2

Even if venue is proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses, (2) the convenience of the parties, (3) the locus of operative facts, (4) the availability of process to compel the attendance of unwilling witnesses, (5) the location of relevant documents and the relative ease of access to sources of proof, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded to the plaintiff's choice of forum, (9) trial efficiency, and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under § 1404(a), transfer of this action to the Eastern District of New York is appropriate. Plaintiff's claims arise from events which chiefly occurred in that judicial district. And it appears that relevant witnesses and documents are located in that judicial district. Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the Eastern District of New York. § 1404(a).

## CONCLUSION

Plaintiff has consented to electronic service of Court documents. (ECF 3.) The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York.

Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

A summons shall not issue from this Court.

This order closes this action.

SO ORDERED.

Dated:   December 23, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

4